1  ALLEN FARSHI, ESQ. (State Bar # 208481)
2  LAW OFFICES OF ALLEN FARSHI
   18653 Ventura Boulevard.  No 258
3  Tarzana, California 91356
   PHONE: (310) 882 6500
4  FAX    (310) 882 5577
   Email: farsh1@gmail.com
5
6
7  Attorney for Justin Island
8
9
10                UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12
13
14  WILCO LIFE INSURANCE
    COMPANY, A Corporation
15                                              Case No: 2:20-cv-01759
16              Plaintiff,
                                                JUSTIN ISLAND'S NOTICE OF
17              vs.                              MOTION AND MOTION FOR
                                                DEFAULT JUDGMENT BY THE
18  JUSTIN ISLAND, an individual;               COURT AGAINST AARON
19  AARON ISLAND, an individual;                ISLAND; MEMORANDUM OF
    PRISCILLA FULLER, an individual,            POINTS AND AUTHORITIES;
20  And DOES 1 through 10, inclusive,           SUPPORTING DECLARATION OF
                                                ALLEN FARSHI, ESQ; EXHIBITS,
21              Defendants.
                                                F.R.C.P Rule 55(b)(2) a.
22
23  JUSTIN ISLAND
                                                Date: October 5th, 2020
24              Cross-Claimant,                 Time: 1;30 p.m.
25              Vs.                             Court Room; 10A
26  AARON ISLAND; PRISCILLA FULLER
                                                Judge: Hon. Steven V. Wilson
27              Cross-Defendants.
28

                              1

**TO THE HONORABLE  STEVEN WILSON, UNITED STATES DISTRICT JUDGE, AND ALL OTHER PARTIES.**

**PLEASE TAKE NOTICE** that on October 5th, 2020 at **1.30 p**.m., or as soon thereafter that the matter may be heard before Honorable Steven Wilson, United States District Court Judge, presiding in Courtroom 10 A of the above referenced court, located at 350 W. 1st Street, 6th Floor, Los Angeles, California 90012 , Defendant/ Cross claimant Justin Island will move for an order of final judgment by default against defaulted co-defendant Aaron Island pursuant to Rule 55(b)(2), of the Federal Rules of Civil Procedure.

This application is based on the authorities cited in the accompanying Memorandum of points and authorities; the supporting declaration of Allen Farshi, Esq, and all exhibits thereto; all other papers and pleadings on file; and such additional arguments and evidence as may be presented to the Court at or before the hearing on this motion.

Dated September 8  2020              LAW OFFICES OF ALLEN FARSHI

                                     /S/  Allen S. Farshi

                                     _____
                                     By Allen S. Farshi, Esq.
                                     Attorney for Justin Island

# TABLE OF CONTENT

Page

I.    INTRODUCTION ……………………………………………..    4

II.    STATEMENT OF FACTS
       A. Factual Background…………………………………………    4
       B. Procedural History…………………………………………..    5

ARGUMENT
       a.    Jurisdiction and Venue…………………………………………    6

       b.    Procedural requirement for entry of default judgment……….    6

       c.    Procedural requirements have been met……………………..    7

       d.    Substantive requirements……………………………………    7

EITEL FACTORS

       #1 Possibility of prejudice to Plaintiff…………………………….    8

       #2#3 Substantive merits and the sufficiency of the complaint………    8
            "Declaratory Relief"

       #4 The sum of money at stake……………………………………    9

       #5 Possibility of factual dispute regarding the material facts…….    10

       #6 The possibility of excusable neglect…………………………..    10

       #7  Policy favoring decision on the merits………………………..    11

# TABLE OF AUTHORITIES

**Cases**

*Aldabe v. Aldabe* 616 F.2d 1089, 1092 (9th Cir.1980)                                7

*PepsiCo, Inc., v. Cal. Sec. Cans.* 238 F. Supp. 2d 1172, 1174 (C.D.Cal 2002)
                                                                            8,9,10,11,12

*Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).                         8,9

*Landstar Ranger, Inc., v. Parth Enter, Inc*, 725 F. Supp. 2d 916, 920            9
                                                      (C.D. Cal. 2010)

*Phillip Morris USA, Inc. v. Castworld Prods*. Inc. 219 F.R.D. 494,
                                                      499 (C.D. Cal. 2003)   9

*TeleVideo Sys Inc. V. Heidenthal*, 826 F.2d 915, 917-18                         10
                                                      (9th Cir. 1987)

*Geddes v. United Fin. Grp.,* 559 F.2d 557-560       (9th Cir.1977)           10

*Halsey v. Colonial Asset Mgmt*., No.5:13-cv-02025 2014 U.S.Dist              11

*Penpower Technology Ltd. V. S.P.C. Technology*, 627 F. Supp. 2d 1083
                                                      (N.D.Cal.2008)         12

**Statutes**

28 U.S.C Section 1332                                                             7
28 U.S.C section 1391(b)(1)                                                       7
50 U.S.C §3931                                                                    8

**Other Authorities**

Fed.R.Civ.P 54 (c)                                                               7
Fed.R.Civ.P. 55(a)                                                               7
Fed. R.Civ. P. 55(b)                                                         5,7,12
Fed.R. Cic. P.55(b)(2)                                                           7
Fed.R.Civ. P. 54(c)                                                              7
Fed.R.Civ.P.  55                                                                 7

Local Rules 55-1                                                                7,8
Local Rules 55-2                                                                 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    INTRODUCTION

Pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 55(b) and local rule 55-1, Defendant Cross- claimant Justin Island moves for and respectfully request that the Court enter final judgment by default against Defendant Aaron Island.

II.    FACTUAL BACKGROUND

1. On or about January 7, 1996, Philadelphia Life Insurance Company issued a premium adjustable flexible life insurance policy No. 2300097545 to Joseph Island, (decedent). Dkt # 22. Answer ¶38 Exhibit 2. The policy provided a specified death benefit of one hundred sixty thousand dollars, $160,000.00.

2. Philadelphia Life was subsequently acquired by and merged into Conseco Life Insurance Company. In 2014, Wilton re acquired Conseco Life and Changed Conseco Life's name to Wilco Life Insurance Company (Wilco). Thus, Wilco has assumed all obligations due under the policy.

3. Prior to marrying, in 1996 decedent purchased a life insurance policy. In his application, the decedent had named "Priscilla Fuller" as the primary beneficiary. Decedent's son "Justin Island", was named as the contingent beneficiary. Answer Exhibit 8. Around 30 days after the policy was issued, Priscilla and Joseph married.

4. Approximately 2 years later in 1998, Joseph Island filed for divorce. Answer Exhibit 4. At the time of divorce, their 1-year old son, "Aaron Island" was named as their minor dependent.

5. Between April 9 and April 28, 2005, the Decedent twice attempted to change the beneficiaries but each time the change was rejected by Conseco on

1   grounds of missing an endorsement witness.

2   6.  On June 17, 2018, Decedent submitted his final written request to change

3      beneficiary to Wilco, changing the designated primary beneficiary to Justin

4      Island (100%). Answer. Exhibit 9. In June 2018, Wilco then allegedly wrote

5      the Decedent requesting a copy of the Divorce decree. Allegedly the decedent

6      failed to respond.

7   7.  On or about July 8, 2019, Decedent passed away from natural causes. The

8      Death benefit at the time of death was $160,000.00  (The policy Proceeds).

9   8.  Since Mr. Islands death, Justin Island, Aaron Island and Priscilla Fuller

10     had each submitted their claim to Wilco, demanding the policy proceeds.

11

12  III.   PROCEDURAL HISTORY

13   9.  On 02/24/2020 Wilco filed this interpleader action naming Priscilla Fuller

14      Justin Island and Aaron Island as co-defendants. Dkt #1.

15  10.  On April 8, 2020, Priscilla Fuller, submitted a written disclaimer of all her

16      all her rights under the policy. Dkt # 17. On May 21st Wilco Life Insurance

17      Company and on June 17, Justin Island, filed requests for dismissal against

18      Priscilla Fuller. Dkt #18 # 30.

19  11.  On May 27th Justin Island answered Wilco's complaint in interpleader and

20      filled cross-claims against both co-defendants for 1. Promissory

21      estoppel and declaratory relief against Priscilla Fuller and 2. Declaratory

22      relief against Priscilla Fuller and Aaron Island and a ruling that decedents

23      change of beneficiary executed on June 17, 2018 was effective and thus

24      Justin Island was the sole beneficiary Dkt #22.

25  12.  Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the last day to

26      answer the cross-claim was June 17, 2020.  When Aaron failed to answer

27      the cross-claim Justin applied for Aaron's default by the clerk. Dkt # 35. The

28      default by the clerk was entered on June 29, 2020. Dkt #36.

IV.    ARGUMENT

**A.** Jurisdiction and venue

The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C Section 1332, in that the amount in controversy exceeds $75,000.00 exclusive of interest and costs and there is complete diversity of citizenship between Plaintiff in interpleader on one hand and defendants in interpleader on the other. Venue is proper pursuant to 28 U.S.C section 1391(b)(1) in that the action on information and belief is brought in the jurisdictional district where all defendants reside.

**B.** Procedural requirements for entry of default judgment

Federal Rule of Civil Procedure Rule 55 (b)(2) authorizes a district court Judge to grant a default judgment after the Clerk entry of default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Rules 54(c) and 55, as well as local Rules 55-1 and 55-2. Fed.R.Civ.P 54(c), 55; C.D, Cal. L.R.55-1, 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing;

(1). When and against which party default was entered.

(2). Identification of the pleading to which default was entered

(3). Whether the default party is a minor, incompetent person, or active service member.

(4). That the service members Civil Relief Act 50 U.S.C §3931, does not apply; and that

(5). The defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1. If those procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980).

C.  Procedural requirements have been met

   Justin Island has complied with the relevant procedural requirements for entry of default judgment against Bennett by submitting the attached declaration which states; (1) the Clerk entered default against Aaron Island on June 29, 2020 Decl. ¶ 9. (2) Identification of the pleading to which default was entered, here Justin's cross-claim against Aaron Island for declaratory relief Decl. ¶4.  (3). That the defaulting party Aaron Island is not a minor Decl. ¶5, defaulting party is not an incompetent person. Decl. ¶5, Defaulting party is not an active service member, Decl. ¶ 6. (4). That the service members Civil Relief Act 50 U.S.C §3931, does not apply Decl. ¶6; and that (5). The defaulting part was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1 Decl. ¶7.

D.  Substantive requirements for Entry of Default Judgment-The Eitel Factors.

   A defendant's default does not automatically entitle the plaintiff to a court ordered judgment. "*PepsiCo, Inc., v. Cal. Sec. Cans.* 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002). In exercising discretion, a court must consider several factors (the "Eitel Factors"):

(1) The possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring dicisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

   Eitel Factors Discussion

   Justin Island seeks a default judgment by the court as to the sole remaining cause of action Declaratory relief.

1.  <u>Possibility of prejudice to plaintiff</u>.

The first *Eitel* factor asks whether the plaintiff will suffer prejudice if a default judgment is not entered. *Eitel* 782 F.2d at 1471. Denial of the default leads to prejudice when it leaves a plaintiff without a remedy or recourse to recover compensation. *Landstar Ranger, Inc., v. Parth Enter, Inc*, 725 F.Supp. 2d 916, 920 (C.D.Cal. 2010); *PepsiCo*, 238 F. Supp. 2d at 1177. Aaron has failed to appear or participate in this action. Absent entry of default judgment, Justin Island is without recourse to recover the policy proceeds which decedent in his final act designated him as his sole beneficiary. Accordingly, this factor weighs in favor of default judgment by the court. With a defaulted co-defendant and no other beneficiary, the denial of final judgment by the court will act to deprive Justin Island from the power to collect on the policy proceeds. Furthermore, in light of Wilco Insurance pending motion that it be dismissed with prejudice from the interpleader action and to enjoin co-defendants from pursuing further litigation against Wilco, arguably, the court can lose its original subject matter jurisdiction "diversity" and subject Justin Island to further unnecessary litigation.

2.  <u>Substantive merits and 3. The sufficiency of the complaint</u>.

The second and third factors "require that a plaintiff to state a claim on which the [plaintiff] may recover. "*Phillip Morris USA, Inc. v. Castworld Prods*. Inc. 219 F.R.D. 494, 499 (C.D.Cal. 2003) (alteration in original) quoting *PepsiCo,* 238, F. Supp,2d at 1175). To weigh the two factors, the court must evaluate the merits of each cause of action.

<u>Declaratory relief</u>: Here, having already dismissed co-defendant Priscilla Fuller who disclaimed all her rights to the policy proceeds, the sole remaining remedy sought is for declaratory relief against defaulted co-defendant Aaron Island. Thus, if the complaint is sufficiently pled, as in the case here, Plaintiff's substantive claim has merit for the purposes of a request for entry of default

judgment.

    Declaratory relief in California requires (a). that an actual controversy exists between the parties to the action, concerning their respective rights and duties (b). that the Plaintiff desire a judicial determination of the rights and duties of the parties involved. Here, Justin Islands claim to Wilco's life insurance policy proceeds is grounded in Aaron Island's conflicting claim that was submitted to Wilco before it brought it's action in interpleader. The operative facts appearing in Answer. ¶¶ 38-47, incorporated by reference pleads the basis for Justin's claim with competing demands for the policy proceeds appearing in ¶47. Justin Islands declaratory relief action states there is a case and controversy between the co-defendants involving the Wilco Insurance policy proceeds which is incorporated by reference beginning with ¶48 of Justin Islands combined answer and Cross-claim. The PRAYER for declaratory relief appearing on p13 of the complaint clearly requests the courts judicial determination of Justin Island as the sole beneficiary.

Eitel Factor # 4. The sum of money at stake;

    Under the fourth Eitel factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct. "*PepsiCo*, 238 F.Supp.2d at 1176. In this case, Plaintiff does not seek a default judgment for monetary damages, but instead limits the request to the court's determination that Justin Island is entitled to the policy proceeds. Generally, after the clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those parts pertaining to damages. *TeleVideo Sys Inc. V. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) quoting *Geddes v. United Fin. Grp.,* 559 F.2d 557-560 (9th Cir.1977)). Here given Justin Island is not seeking monetary damages and Aaron Island has defaulted on both Wilco Insurance Interpleader action and answering

Justin Islands cross-claim for declaratory relief, the factual allegations should be accepted as true and Justin, determined as the party entitled to the insurance policy proceeds in question, one hundred sixty thousand dollars.

<u>Eitel factor #5- There is no Factual Dispute that would preclude Entry of Default judgment</u>.

"Upon entry of default, all well pleaded facts in the complaint are taken as true ." Id. As such there is no factual dispute precluding entry of default judgment." See also *PepsoCo*. At 1177 (noting that "[u]pon entry of default, all well pleaded facts in the complaint are taken as true...[and that] [a]ccordingly, no genuine dispute of material facts would preclude granting Justin's motion for default judgment. In the pending matter, Aaron Island has defaulted, hence no factual dispute exists and entering judgment by default is appropriate.

<u>Eitel Factor #6-The possibility of excusable Neglect is Non-existent, Because Aaron Island, Admitted knowing about the pending action</u>

The failure of Aaron Island to appear and respond to both the action in interpleader and Justin Island's cross-claim following proper service of process is not the result of excusable neglect, but rather Aaron's conscious decision to disregard this action. See *Halsey v. Colonial Asset Mgmt*., No.5:13-cv-02025, 2014 U.S.Dist. LEXUS 194946, AT 2(cd.Cal.July 17, 2014)(Defendant was served with the summons and complaint, but has failed to appear in this action").

Here, the attached supporting declaration ¶¶7,8 establish that the pleading in question (the combined answer to the interpleader and the cross-claim) among other documents, were served on Aaron Island on May 27, 2020. Service was executed, pursuant to FRCP Rules 4 and 5 at his residence. **Exhibit 1**. Having failed to respond Justin Island moved for Aarons default by the clerk on June 28, and the default was entered on June 29, 2020 **Exhibit 2**. Furthermore, as stated in the attached declaration, shortly after serving Aaron Island with the answer and cross/claim, counsel received Aaron's call acknowledging the cross-claim and

informing he was talking to attorneys ¶10. This leaves no question that Aaron was aware of the cross-claim against him. Furthermore, Aaron Island also defaulted on the action in interpleader. Wilco Insurance entered default by the clerk against him on July 1st 2020. Dkt #38.

    <u>Eitel Factor # 7-Policy favoring Decision on the Merits Does not Warrant Denying Default Judgment Here.</u>

    The Final Eitel Factor, applies the strong policy preference of deciding claims on the merits. This factor as in most cases weighs against the entry of default judgment. "However, the mere existence of Fed. R. Civ.P. 55(b) indicates that this preference, by itself, is not dispositive. "*PepsiCo*, 238 F.Supp.2d at 1177 (internal citation and quotation marks omitted). Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the defendant takes no part in the action. *Penpower Technology Ltd. V. S.P.C. Technology*, 627 F. Supp. 2d 1083 (N.D.Cal.2008). Given that Aaron has failed to respond on both the action in interpleader and the cross claims and defaults have been entered, arguably the 7th factor should not be weighed against the preceding six factors in applicants favor.

    Finally, the conscious decision by Mr. Aaron Island not to defend this action precludes a decision on the merits. Therefore, although this factor weighs against granting the motion, it does not require the result. A contrary rule would mean that in light of the underlying policy, a default judgment could rarely, if ever be entered. Here even Wilco's pending motion for court judgment (Sept 28), is requesting the funds be paid to Justin Island. Accordingly based on the above factors, Justin Islands request for entry of default judgment by the court is entirely appropriate.

Dated September 8, 2020        LAW OFFICES OF ALLEN FARSHI

                                    /S/  Allen S. Farshi

                                    By Allen S. Farshi, Esq.

## DECLARATION OF ALLEN FARSHI, ESQ.

I, Allen Farshi, hereby declare:

1. I am the attorney representing Justin Island In case No 220-CV-01759. I am dully licensed to practice Law in the State of California and not a party to this action. The following declaration is based on my personal knowledge and information.

2. This application for default judgment by the Clerk, is made pursuant to Rule 55(b)(1) of Federal Rules of Civil Procedure.

3. Justin Island's cross-claim, against Aaron Island is a fixed sum of $160,000.00 which corresponds to the face value of the insurance policy, and does not exceed the amount requested in Justin Islands cross-claim. Attorney fees costs and interest were waived and not requested, thus entry of judgment by the clerk does not require any calculation.

4. The pleading to which the default was entered was Justin Islands combined answer to the interpleader and cross-claim against Aaron Island.

5. Cross-Defendant is not a minor or an incompetent person or serving the military.

6. Cross-defendant is not serving in the military and thus the Service Members Civil Relief Act 50 U.S.C § 3931 does not apply.

7. Pursuant to Rule 4 and Rule 5 of the Federal Rules of Civil Procedure, cross-defendant Aaron Island was served on May 27, 2020 at his residence with the answer to the complaint in interpleader, cross-claim against Aaron Island, notice of first appearance and notice of interested parties. Proof of service by mail was e-filed on June 16, 2020.

8. The applicable time limit to respond, pursuant to F.R.C.P Rule 12 (b) was within 21 days of serving the complaint. The time limit to respond expired

June 17, 2020.

9. The Clerks default against Aaron Island, for failure to answer the cross-claim was entered on June 29, 2020.

10. I have no doubt that Aaron Island received and knew of Justin Islands cross-claim, since shortly after service of Justin Islands answer and cross-claim he called and told me he was hiring an attorney. However, as it turned out he never did.

I, Allen Farshi, hereby declare under the penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed on September 8, 2020 in Tarzana California

by:_          /S/  Allen S. Farshi
          _____
                  Allen S. Farshi, Esq
                  Attorney for Justin Island

# EXHIBIT 1

1   ALLEN FARSHI, ESQ. (State Bar # 208481)
2   LAW OFFICES OF ALLEN FARSHI
    18653 Ventura Boulevard.  No 258
3   Tarzana, California 91356
    PHONE: (310) 882 6500
4   FAX      (310) 882 5577
5   Email: farsh1@gmail.com

6

7   Attorney for Justin Island

8

9

10                  UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12

13

14  WILCO LIFE INSURANCE            | Case No. 220-CV-01759
    COMPANY, A Corporation          |
15                                  |
16          Plaintiff,              | NOTICE OF SERVICE BY MAIL
                                    | UPON CROSS-DEFENDANTS; AARON
                                    | ISLAND; PRISCILLA FULLER
17             vs.                  |
18  JUSTIN ISLAND, an individual;   |
19  AARON ISLAND, an individual;    | Judge: Hon. Steven Wilson
    PRISCILLA FULLER, an individual,|
20  And DOES 1 through 10, inclusive,|
21          Defendants.             | Complaint filed:  February 24, 2020
22                                  | Crossclaim filed: May 27, 2020
23  JUSTIN ISLAND                   |
24          Cross-Claimant,         |
25             Vs.                  |
26  AARON ISLAND; PRISCILLA FULLER  |
27          Cross-Defendants.       |
28

                              1

1    **CERTIFICATE OF SERVICE**
2    Wilco Life Insurance Company v. Justin Island et al

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18
     years and not a party to the within action; my business address is 18653 Ventura Boulevard, No
4    258, Tarzana, CA 91356. On May 27, 2020, I served the foregoing document(s) described as

5    Notice of Appearance, Notice of Interested parties and Defendant Justin Island answer to Wilco
6    life Insurance complaint in interpleader, affirmative defenses and cross claim against co-
     defendants Priscilla Fuller and Aaron Island
7
8    Priscilla Fuller                                    Co-Defendant In pro per
     1904 E. Bermuda Street No.7
9    Long Beach, CA 90802

10   Aaron Island                                        Co-Defendant In pro per
11   1904 E. Bermuda Street No.7
     Long Beach, CA 90802
12
     Hinshaw. Attn: Michael Newman Esq.                  Attorney for Wilco Life Insurance
13   633 West 5th street. 47th Floor.
14   Los Angeles, CA 90071
     Tel: 213 614 7346  Fax: 213 614 7399
15   email: mnewman@hinshawlaw.com

16   [XXX]    **VIA COURT'S NOTICE OF ELECTRONIC FILING**

17   [XXX]    **By email mnewman@hinshawlaw.com**
18

19   [XXX] **BY MAIL:**    I am readily familiar with this firm's practice of collecting and processing
20           correspondence for mailing.  Under that practice it is deposited with the U.S. Postal
             Service on that same day with postage thereon fully prepaid at Tarzana, California in the
21           ordinary course of business.  I am aware that on motion of the party served, service is
             presumed invalid if postal cancellation date or postage meter date is more than one day
22           after date of deposit for mailing by affidavit.
23
     [ ]     **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on
24   the     same day to an authorized courier or driver authorized by the overnight service carrier to
25           receive documents, in an envelope or package designated by the overnight service carrier.
26
     []      **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office
27   of the addressee(s).
28

2

Case 2:20-cv-01759-SVW-JPR    Document 49    Filed 09/11/20    Page 18 of 24    Page ID
Case 2:20-cv-01759-SVW-JPR    Document 2    Filed 06/16/20    Page 3 of 3    Page ID #:182
#:365

I declare under penalty of perjury under the laws of the United States of America that the
Foregoing is true and correct.

**Executed on**: May 27, 2020

/S/  Allen S. Farshi

ALLEN FARSHI, ESQ.

3

EXHIBIT 2

Case 2:20-cv-01759-SVW-JPR   Document 49   Filed 09/11/20   Page 20 of 24   Page ID
#:365
Case 2:20-cv-01759-SVW-JPR   Document 35   Filed 06/28/20   Page 1 of 4   Page ID #:215

1  ALLEN FARSHI, ESQ. (State Bar # 208481)
2  LAW OFFICES OF ALLEN FARSHI
   18653 Ventura Boulevard. No 258
3  Tarzana, California 91356
   PHONE: (310) 882 6500
4  FAX    (310) 882 5577
5  Email: farsh1@gmail.com

6

7  Attorney for Justin Island

8

9

10                     UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12

13

14  | WILCO LIFE INSURANCE | **Case No: 2:20-cv-01759** |
    COMPANY, A Corporation
15

16          Plaintiff,                CROSS-CLAIMANT JUSTIN ISLAND'S
                                       APPLICATION FOR ENTRY OF
17             vs.                     DEFAULT BY THE CLERK AND
                                       SUPPORTING DECLARATION
18  JUSTIN ISLAND, an individual;      AGAINST CROSS-DEFENDANT
19  AARON ISLAND, an individual;       AARON ISLAND
    PRISCILLA FULLER, an individual,
20  And DOES 1 through 10, inclusive,
                                       FRCP Rule 55(a)
21         Defendants.

22
                                       Judge: Hon. Steven Wilson
23  JUSTIN ISLAND

24          Cross-Claimant,

25             Vs.

26  AARON ISLAND; PRISCILLA FULLER

27          Cross-Defendants.

28

1

1  **TO THRE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.**

2

3  As provided by Rule 55(a) and 55(b)(1) of the Federal Rules of Civil Procedure, JUSTIN

4  ISLAND, cross-claimant in the pending matter hereby requests that the clerk of the above

5  entitled court enter default against AARON ISLAND, for failure to otherwise respond to

6  JUSTIN ISLANDS cross claim in a timely manner.

7  The cross claim was served in this matter on May 27, 2020, as evidenced by the proof of

8  service of the complaint on file with this court.

9  The applicable time limit to respond, pursuant to F.R.C.P Rule 12 (b) was within 21 days of

10 serving the complaint. The complaint was served on May 27, 2020. The time limit to respond

11 expired June 17, 2020.

12 The above-stated facts are set forth in the accompanying Declaration of Allen Farshi, Esq.

13

14

15

16 Dated June 27, 2020                    LAW OFFICES OF ALLEN FARSHI

17                                         /S/ Allen S. Farshi

18                                         _____
                                          By Allen S. Farshi, Esq.
19                                         Attorney for Justin Island

20

21

22

23

24

25

26

27

28

2

Case 2:20-cv-01759-SVW-JPR   Document 49   Filed 09/11/20   Page 22 of 24   Page ID
#:367
Case 2:20-cv-01759-SVW-JPR   Document 35   Filed 06/28/20   Page 3 of 4   Page ID #:217

1                          DECLARATION OF ALLEN FARSHI. ESQ.

2    I, Allen Farshi, hereby declare:

3

4    1.  I am the attorney representing Justin Island In case No 220-CV-01759. I am dully

5        licensed to practice Law in the State of California and not a party to this action. The

6        following declaration is based on my personal knowledge and information.

7    2.  This application for default is made pursuant to Rule 55(a) of Federal Rules of Civil

8        Procedure.

9    3.  Pursuant to Rule 4 and Rule 5 of the Federal Rules of Civil Procedure, cross-defendant

10       Aaron Island was served on May 27, 2020 at his residence with the complaint notice of

11       first appearance and notice of interested parties. Proof of service by mail was e-filed on

12       June 16, 2020.

13   4.  Pursuant to Rule 12(B) of the FRCP, Aaron Island's answer to the cross-claim was due

14       on June 17 2020. Cross-defendant has failed to file an answer within the timeline

15       imposed for filing an answer to the complaint.

16   5.  Cross-Defendant is not a minor or an incompetent person.

17   6.  Cross-defendant is not serving in the military.

18   7.  The interpleaded amount in the complaint is the Wilco Life Insurance Policy's face value

19       the fixed amount $160,000. No other damages including attorney fees and costs have

20       been demanded.

21       Executed on June 27,2020 in Tarzana California

22

23       I, Allen Farshi, hereby declare under the penalty of perjury and the laws of the United

24       States of America that the foregoing is true and correct.

25

26                                    by:_ /S/  Allen S. Farshi

27                                         Allen S. Farshi, Esq
                                           Attorney for Justin Island
28

                                           3

Case 2:20-cv-01759-SVW-JPR   Document 35   Filed 06/28/20   Page 4 of 4   Page ID #:218

**CERTIFICATE OF SERVICE**
Wilco Life Insurance Company v. Justin Island et al

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 18653 Ventura Boulevard, No 258, Tarzana, CA 91356. On June 28, 2020, I served the foregoing document(s) described as Cross-claimant Justin Islands application for entry of default of Aaron Island

Aaron Island                                           Co-Defendant In pro per
1904 E. Bermuda Street No.7
Long Beach, CA 90802

Hinshaw. Attn: Michael Newman Esq.                     Attorney for Wilco Life Insurance
650 South Grand Ave. Suite 3600
Los Angeles, CA 90071
Tel: 213 614 7346 Fax: 213 614 7399
email: mnewman@hinshawlaw.com

[XXX]   **VIA COURT'S NOTICE OF ELECTRONIC FILING**

[XXX] **BY MAIL:**   I am readily familiar with this firm's practice of collecting and processing correspondence for mailing. Under that practice it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Tarzana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing by affidavit.

[ ]   **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

[]   **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

I declare under penalty of perjury under the laws of the United States of America that the Foregoing is true and correct.

**Executed on**: June 28, 2020

/S/ Allen S. Farshi

_____

ALLEN FARSHI, ESQ.

4

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 18653 Ventura Boulevard, No 258, Tarzana, CA  91356. On September 11,2020 I served the foregoing document(s) described as Justin Islands notice of motion and motion for default judgment by the court; memorandum of points and authorities supporting declaration and exhibits on;

Aaron Island                                        Defendant In pro per
1904 E. Bermuda Street No.7
Long Beach, CA 90802

Hinshaw. Attn: Michael Newman Esq.            Attorney for Wilco Life Insurance
650 South Grand Ave. Suite 3600
Los Angeles, CA 90071
Tel: 213 614 7346  Fax: 213 614 7399
email: mnewman@hinshawlaw.com

[XXX]    **VIA COURT'S NOTICE OF ELECTRONIC FILING**

**[XXX] BY MAIL:**    I am readily familiar with this firm's practice of collecting and processing correspondence for mailing.  Under that practice it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Tarzana, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing by affidavit.

[]    **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

I declare under penalty of perjury under the laws of the United States of America that the Foregoing is true and correct.

**Executed on**: September 11, 2020

/S/  Allen S. Farshi

_____
ALLEN FARSHI, ESQ.
Attorney for Justin Island

15