UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01759-SVW | Date | September 25, 2020 |
|---|---|---|---|
| Title | *Wilco Life Insurance Company v. Justin Island et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF-IN-INTERPLEADER'S MOTION FOR DEFAULT JUDGMENT [46]

## I. Introduction

Plaintiff-in-Interpleader Wilco Life Insurance Company ("Wilco") filed the instant complaint-in-interpleader on February 24, 2020 against Defendants-in-Interpleader Justin Island ("J. Island"), Aaron Island ("A. Island"), and Priscilla Fuller ("Fuller").

Before the Court is Wilco's motion for default judgment against A. Island. For the below reasons, Wilco's motion is GRANTED.

## II. Factual and Procedural Background

Wilco is an Indiana corporation that sells life insurance. Complaint at ¶¶ 1, 10. Fuller, J. Island, and A. Island are all residents of the state of California. *Id.* at ¶¶ 2–4.

In January 1996, Philadelphia Life Insurance Company issued a life insurance policy ("Policy") to Joseph Island ("Decedent"). *Id.* at ¶ 9. Wilco assumed all obligations under the policy when it acquired Philadelphia Life Insurance Company's successor, Conseco Life Insurance Company ("Conseco"). *Id.* at ¶ 10. The Policy initially identified Fuller as the primary beneficiary and J. Island as the contingent beneficiary. *Id.* at ¶ 11.

:

Initials of Preparer  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01759-SVW | Date | September 25, 2020 |
|---|---|---|---|
| Title | *Wilco Life Insurance Company v. Justin Island et al.* | | |

In 2005, Decedent requested to modify the Policy such that Fuller would receive 50% of the proceeds and A. Island would receive 50% of the proceeds. *Id.* at ¶ 13. This request was rejected by Conseco—the insurer at the time—because the forms Decedent submitted were not endorsed by a witness. *Id.*

In 2018, Decedent requested to change the Policy such that J. Island would receive 100% of the proceeds. *Id.* at ¶ 14. Wilco informed Decedent that Fuller's consent was required to change the policy in the manner requested. *Id.* at ¶ 15. Decedent never responded to Wilco's request. *Id.*

In July 2019, Decedent passed away. *Id.* at ¶ 16. The death benefit at the time was $160,000. *Id.* at ¶ 17.

Wilco received claim forms from Fuller, J. Island, and A. Island. *Id.* at ¶ 18. Wilco informed all three parties of the competing claims in December 2019. *Id.* After all three parties were unable to resolve the conflicting demands for payments, Wilco filed the instant interpleader action on February 24, 2020. Dkt. 1.

Shortly thereafter, Fuller informed Wilco that she wished to relinquish any rights she may have to the death benefit. Newman Decl. at ¶ 3. Fuller subsequently signed a complete waiver of her claim and was dismissed from this action. Dkt. 46-1, Exs. A, B; *see also* Dkts. 17, 18, 19.

Wilco properly served A. Island on April 17, 2020. Dkt. 11. Wilco and A. Island stipulated to extend the deadline for A. Island's answer to June 8, 2020. Dkt. 14. A. Island never answered, and the Clerk entered default against him on July 1, 2020. Dkt. 38.

J. Island waived service on May 11, 2020. Dkt. 15. On May 27, 2020, J. Island answered the complaint and asserted crossclaims against A. Island. Dkt. 22.

Wilco filed the instant motion for default judgment on August 31, 2020. Dkt. 46.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01759-SVW | Date | September 25, 2020 |
|---|---|---|---|
| Title | *Wilco Life Insurance Company v. Justin Island et al.* | | |

### III.   Legal Standard

Before a Court may rule on a Motion for Default Judgment, it must first determine whether the Motion complies with Rule 55 of the Federal Rules of Civil Procedure and Local Rule 55-1.  *See Pepsico, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).  The Motion must set forth: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Solders' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required.  *Id.*; *see also Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 n.19 (C.D. Cal. 2010) (holding that service on defaulting party is required only if the party has appeared in the action).

Once these procedural requirements are met, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion."  *Landstar*, 725 F. Supp. 2d at 919.  Entry of default does not automatically entitle the non-defaulting party to a court-ordered judgment.  *See Pepsico*, 238 F. Supp. 2d at 1174.  Rather, the Ninth Circuit has instructed courts to consider the following factors in deciding whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action;(5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits ("*Eitel* factor(s)").  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### IV.   Analysis

The Court will first address the procedural requirements identified above and will then turn to the *Eitel* factors.   The Court will also address Wilco's requested relief.

#### 1)   **Procedural Requirements**

Wilco satisfied the procedural requirements for default judgment under Local Rule 55-1.  Specifically, Wilco's counsel states that the clerk entered default against A. Island on July 1, 2020 as to Wilco's complaint-in-interpleader.  Newman Decl. at ¶ 5.  Wilco's counsel further states that (1) A.

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01759-SVW | Date | September 25, 2020 |
|---|---|---|---|
| Title | *Wilco Life Insurance Company v. Justin Island et al.* | | |

Island is not a minor, incompetent person, soldier in military service, or otherwise exempted under the Soldier's and Sailor's Civil Relief Act of 1940; and (2) although not required to do so given that A. Island has failed to appear in this action, Wilco served A. Island with the instant motion by email and at the mailing address it has on file for him.  *Id.* at ¶¶ 6–7.

As the procedural requirements are met, the Court turns to the merits of Wilco's motion.

**2)   Application of the *Eitel* Factors**

Applying the *Eitel* factors here, the Court finds that default judgment is warranted.

First, Wilco would suffer prejudice if default judgment is not entered because Wilco would be denied the benefits of the interpleader process and would be without recourse for relief.  *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000) ("Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation.").

Next, Wilco's complaint sufficiently states a meritorious claim for an interpleader action.  Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).  The second and third *Eitel* factors relate to the substantive merit of a plaintiff's claim and the sufficiency of a plaintiff's pleadings.  These factors "require that a plaintiff state a claim on which [it] may [succeed]."  *Pepsico*, 238 F.Supp.2d at 1175; *Landstar Ranger, Inc.*, 725 F. Supp. 2d 916 at 920.  An interpleader action requires the potential for competing claims and that the plaintiff-in-interpleader deposit the potentially disputed funds with the court.  *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980–81 (9th Cir. 1999).

Here, both requirements are satisfied.  First, there exists the potential for competing claims because both A. Island and J. Island claim that they are entitled to the death benefit.  Complaint at ¶ 18.  Second, Wilco deposited the funds at issue with the Court on September 11, 2020.  Dkt. 50.  Accordingly, the second and third *Eitel* factors weigh in favor of granting the motion for default judgment.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01759-SVW | Date | September 25, 2020 |
|---|---|---|---|
| Title | *Wilco Life Insurance Company v. Justin Island et al.* | | |

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *Pepsico*, 238 F.Supp.2d at 1176; *Landstar Ranger, Inc.*, 725 F. Supp. 2d 916 at 921. In an interpleader action, this factor is neutral. *Am. Gen. Life Ins. Co. v. Durbin*, 2016 WL 3583826, *4 (C.D. Cal. June 10, 2016) ("This factor is neutral in an interpleader action since [the insurer], as a plaintiff-in-interpleader, is not seeking damages.").

The fifth *Eitel* factor considers the possibility that material facts may be in dispute. *Pepsico*, 238 F.Supp.2d at 1177; *Landstar Ranger, Inc.*, 725 F. Supp. 2d 916 at 921. A. Island has failed to appear in the action or contest the material facts alleged in Wilco's complaint. Accordingly, this factor weighs in favor of entering default judgment.

As to *Eitel* factor six, there is no evidence that A. Island's failure to appear is the result of excusable neglect. A. Island was properly served with the Complaint. Dkt. 14. Wilco agreed to extend the deadline for him to answer until June 8, 2020. Dkt. 14. Over three months have passed since that extended deadline, and A. Island still has not appeared in this case or filed any documents whatsoever. Therefore, this factor weighs in favor of entering default judgment.

Finally, as to the final *Eitel* factor, although cases should be decided on the merits whenever possible, "this preference, standing alone, is not dispositive." *Pepsico*, 238 F.Supp.2d at 1177 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314 at *3 (N.D.Cal.1996)). By its plain language, Rule 55(a) allows a court to decide a case before the merits are heard if a defendant fails to appear and defend. Therefore, this factor does not preclude the entry of default judgment.

Accordingly, the *Eitel* factors in this case weigh in favor of granting default judgment.

### 3) Wilco's Requested Relief

Wilco asks this Court to grant default judgment against A. Island and also to order distribution of funds to J. Island. Wilco also seeks ancillary relief, including an injunction prohibiting A. Island and J. Island from asserting claims against Wilco for the death benefit, and attorney's fees to be taken from the death benefit.

: 
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01759-SVW | Date | September 25, 2020 |
|---|---|---|---|
| Title | *Wilco Life Insurance Company v. Justin Island et al.* | | |

An interpleader action traditionally has two stages. First, the court determines whether an interpleader action is proper and, if so, whether the disinterested stakeholder should be relieved from liability. *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1265 (9th Cir. 1992). Second, the court adjudicates the adverse claims of the defendant-claimants. *Id.*

However, where only one claimant remains after default judgment is granted, such bifurcation is unnecessary. *See N.Y. Life Ins. Co. v. Connecticut Development Authority*, 700 F.2d 91, 95 (2nd Cir. 1983) ("[T]his bifurcation is not mandatory . . . the entire action may be disposed of at one time."). Indeed, courts often resolve the entire action upon a motion for default judgment. *See, e.g.*, *Durbin*, 2016 WL 3583826 at *5–6 (granting default judgment against one defendant-in-interpleader, awarding disputed funds to other defendant-in-interpleader, and granting ancillary relief requested by plaintiff-in-interpleader).

In light of A. Island's complete failure to appear before this Court, full resolution of this action—in the form of distribution of funds to J. Island and the requested injunctive relief—is warranted here. Reimbursement of Wilco's attorneys' fees in this case is also proper given that Wilco stipulated to a nearly 50% discount of its fees[1] and that Wilco acted in good faith. *See Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir. 1984) ("Generally, courts have discretion to award attorneys' fees to a disinterested stakeholder.")

Accordingly, the Court will grant Wilco's requested relief as described below.

**V.      Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

(1) Default judgment is hereby GRANTED in Wilco's favor as against A. Island. Having deposited the Policy proceeds with the Clerk, Wilco is discharged of any and all liability with respect to, or arising out of, this action, the Policy, and payment proceeds under the Policy.

---

[1] *See* Newman Decl. ¶ 10 ("Wilco and [J. Island] have agreed that Wilco will seek only $10,000 [out of more than $16,000] in attorney fees in this matter, and that [J. Island] will not oppose such request. Thus, Wilco's request is limited to $10,000.").

Initials of Preparer      :  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01759-SVW | Date | September 25, 2020 |
|---|---|---|---|
| Title | *Wilco Life Insurance Company v. Justin Island et al.* | | |

(2) A. Island (upon entry of default judgment) and J. Island (upon distribution of funds) shall be permanently enjoined from instituting any action or proceeding against Wilco or its agents, affiliates, parents, subsidiaries, attorneys or assigns, with respect to the Policy or the payment of proceeds under the Policy.

(3) The Clerk shall release the funds, less $10,000 and any statutory or otherwise applicable fees or costs, to J. Island.   Counsel for J. Island shall provide J. Island's mailing address, social security number, or Tax ID number directly to the Clerk.

(4) The remaining $10,000 shall be released to Wilco as an attorney's fees award.   Counsel for Wilco shall provide the Clerk with all information necessary to receive these funds.

(5) Wilco shall serve J. Island and A. Island with a copy of this order and judgment in such a manner as to make it operative in any future proceedings.

In light of the foregoing, J. Island's crossclaims against A. Island, Dkt. 22, are dismissed as moot, as is his motion for default judgment, Dkt. 49.

IT IS SO ORDERED.

:

Initials of Preparer

PMC